**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CLASSY ART, LLC, | § | |
| Plaintiff, | § | Civil Action No. 4:17-cv-1835 |
| | § | |
| v. | § | |
| | § | |
| CLASSY CRAFTS, INC., | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Classy Art, LLC ("Classy Art" or "Plaintiff"), files this complaint for declaratory judgment and relief against Defendant, Classy Crafts, Inc. ("Defendant"), and allege as follows:

### I.    NATURE OF THE ACTION

1.    Plaintiff's family-owned business has used the trademark "CLASSY ART" to identify its art prints, framed art pictures, and furniture for over thirty years. On September 15, 2016, Plaintiff filed an application to register its trademark with the U.S. Patent and Trademark Office. On December 28, 2016, the Trademark Office refused Plaintiff's application to register the "CLASSY ART" trademark due to a perceived conflict with the purported "CLASSY CRAFT" mark, U.S. Registration No. 4,987,457 (the " '457 Registration").

2.    On January 16, 2017, and before Plaintiff could respond to the Trademark Office, the Defendant contacted the Plaintiff, identifying itself as the owner of the '457 Registration and alleging infringement on a massive scale. Although the Plaintiff's first commercial use of the "CLASSY ART" mark predates the Defendant's stated first-use in the '457 Registration by at least five years, the parties were unable to resolve their claims. Instead, the Defendant threatened litigation, requiring that the Plaintiff file this civil action to defend its rights.

1

## II.     PARTIES

3.      Plaintiff Classy Art, LLC, is a Limited Liability Company organized and existing under the laws of the State of Texas with its principal place of business located at 300 North York, Houston, Texas 77003, and doing business in Houston, Harris County.

4.      Upon information and belief, Defendant Classy Craft, Inc., is a corporation organized under the laws of the State of Minnesota with a principal place of business located at 2304 169th Ave. NE, Ham Lake, Minnesota 55304.

## III.     JURISDICTION AND VENUE

5.      This is an action for declaratory judgment, arising under (i) the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* (the "Trademark Act") and (ii) 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act").  Accordingly, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction of the Texas law claims under 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over Defendant because Defendant has purposely availed itself of the benefits of conducting business in Texas by selling products in this State and Judicial District and has made false assertions of infringement of an alleged trademark to Plaintiff in the State of Texas. The Court has both general and specific personal jurisdiction over Defendant.

7.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to the personal jurisdiction of this Court in this Judicial District and thus qualifies as a resident of this Judicial District under 28 U.S.C. § 1391(c)(2). In addition, a substantial part of the events giving rise to Classy Art's claims has occurred and will continue to occur in the Southern District of Texas.

## IV.    FACTUAL BACKGROUD

8.     Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 7 as if fully set forth herein.

9.     Classy Art is a family-owned and operated Texas business located in Houston, Texas. Since 1987, Classy Art has been a leading supplier of framed and unframed wall décor.

10.     Classy Art adopted and used the trademark "CLASSY ART" in 1987 and has continually used the mark in U.S. commerce in association with its goods and services. Classy Art owns and operates an Internet website located at www.classyart.net.

11.     On September 15, 2016, Classy Art filed U.S. Trademark Application Serial No. 87/172727 for the mark "CLASSY ART" in association with its goods and/or services, namely, art prints, framed art pictures, and framed art prints in International Class 16 and furniture, mirrors, picture frames, mirror frames, picture frames in International Class 20. *See* Exhibit A.

12.     On December 28, 2016, the USPTO issued an Office Action for Classy Art's trademark application. In the Office Action, *inter alia*, registration of the mark was initially refused because of a likelihood of confusion with the '457 Registration. *See* Exhibit B.

13.     The '457 Registration issued on June 28, 2016; accordingly, it is not incontestable and may be cancelled under 15 U.S.C. § 1064 and/or 15 U.S.C. § 1068. *See* Exhibit C.

14.     Upon information and belief, Defendant is the owner of the '457 Registration. The '457 Registration is for the purported mark "CLASSY CRAFTS" in association with picture frames in International Class 20.

## V.    DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY

15.    Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

16.    On January 16, 2017, Defendant threatened litigation against Classy Art, asserting "RE: Infringement of Registered Mark" in connection with Classy Art's use of the trademark "CLASSY ART". *See* Exhibit D. The letter stated that Defendant owned the '457 Registration, and stated that Classy Art is "on notice of a potential claim against you" and stated that "you must preserve all documents related to this matter." It also required Classy Art to reply to the letter within ten (10) days to state "compliance" with respect to the issues raised therein.

17.    There presently exists a justiciable controversy regarding Plaintiff's rights to use its trademark "CLASSY ART" in association with its goods and services free of any allegation that such use of its trademark constitutes infringement of any alleged trademark by Defendant. Additionally, the '457 Registration alleges a first use in U.S. commerce as March 10, 1992. Long before Defendant's first use of the mark, Classy Art adopted and commenced use of its "CLASSY ART" trademark, at least as early as 1987.

18.    Classy Art is being damaged by the '457 Registration because such registration gives color of exclusive statutory rights to Defendant in violation and derogation of the prior superior rights of Classy Art. Classy Art is also being damaged because its trademark application was refused due to an alleged likelihood of confusion with the '457 Registration, despite Classy Art's prior superior rights in and to the trademark "CLASSY ART". Additionally, Classy Art is damaged because Defendant's use of the purported marks "CLASSY CRAFTS" constitutes a violation of Section 43(a) of the Lanham Act, trademark

infringement under Texas law, unfair competition under Texas law, and unjust enrichment under Texas law.

## VI.     CAUSES OF ACTION

### COUNT I:
### CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 4,987,457

19.     Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

20.     Plaintiff files this Petition to Cancel the '457 Registration because, pursuant to 15 U.S.C. § 1065 and/or 15 U.S.C. § 1068, Plaintiff believes that it is or will be damaged by the '457 Registration. In addition, Plaintiff believes that, due to the representations made to the Trademark Office that Defendant's first use in commerce was March 10, 1992, Plaintiff possesses earlier and superior rights to the "CLASSY ART" mark, and the '457 Registration was improperly granted and should be cancelled.

21.     Upon information and belief, Defendant owns the '457 Registration. Upon information and belief, the Defendant's priority of use date for the '457 Registration is March 10, 1992.

22.     The '457 Registration demonstrates that the applicant's priority of use date is inferior to that of Plaintiff. Additionally, the '457 Registration should be cancelled  because its continued registration violates Classy Art's rights under both State and Federal law.

23.     The '457 Registration was secured by and through inequitable conduct and/or fraud on the USPTO. Allowing continued registration damages Classy Art because it has a superior interest and priority in and to the mark "CLASSY ART." If the '457 Registration continues with force, it will prevent Plaintiff from and strip Plaintiff of the rights in and to the mark "CLASSY ART."

## COUNT II:
## NON-INFRINGEMENT OF ALLEGED TRADEMARK

24.     Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25.     This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq*., the Lanham Act, 15 U.S.C. § 1125, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual justiciable controversy exists by way of the credible threat of immediate litigation for "infringement of registered mark" and demand to preserve all evidence related to this matter. Accordingly, Plaintiff seeks relief from this Court.

26.     Plaintiff is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark right of Defendant relating to Plaintiff's use of the trademark "CLASSY ART" and that Plaintiff has prior superior rights to the trademark "CLASSY ART" based on first use of the mark in U.S. Commerce.

## COUNT III:
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT
## (15 U.S.C. § 1125(a))

27.     Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28.     By the acts and omission set forth above, Defendant has infringed and continues to infringe Classy Art's rights in the mark "CLASSY ART," in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a). Classy Art's mark "CLASSY ART" is an arbitrary mark when applied to its goods and/or services and is therefore inherently distinctive. Defendant's conduct is likely to cause confusion, mistake, and deception among

6

the consuming public, and interfere with Classy Art's ability to use the "CLASSY ART" mark to indicate a single quality and controlled source of goods and/or services. Therefore, Defendant's acts constitute a false designation of origin, unfair competition and false advertising in violation of the Lanham Act §43(a), 15 U.S.C. § 1125(a).

29.     Classy Art has suffered, is suffering, and will continue to suffer irreparable injury for which it has no adequate remedy at law. Classy Art is therefore entitled to and asks this Court for permanent injunctive relief against Defendant's infringing conduct.

30.     Upon information and belief, Defendant has profited and is profiting from said infringement and Classy Art has been and is being damaged by said infringement. Classy Art is entitled to recover damages from Defendant in an amount to be proven at trial as a result of Defendant's infringing activities.

31.     Upon information and belief, Defendant's infringing conduct has been willful, wanton and malicious and done with an intent to deceive. Classy Art is therefore entitled to an award of its reasonable and necessary attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a). Classy Art is also entitled to the cost of corrective advertising, a reasonable royalty, actual damages, and disgorgement of and an accounting of Defendant's profits.

**COUNT IV:**
**UNFAIR COMPETITION**
**Texas Common Law**

32.     Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33.     Classy Art alleges a claim for unfair competition under Texas common law. Defendant's conduct misappropriates Classy Art's valuable trademark rights and falsely

trades on the goodwill symbolized by the distinctive "CLASSY ART" trademark, and is likely to cause confusion, or deception, or mistake among consumers.

34.     By their conduct, Defendant has engaged in unfair competition in violation of the common law of the State of Texas.

35.     By its conduct, Defendant has caused Classy Art irreparable harm and injury and will continue to do so unless restrained and enjoined by this Court.

36.     Classy Art has no adequate remedy at law.

**COUNT V:**
**UNJUST ENRICHMENT**
**Texas Common Law**

37.     Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38.     Defendant has been unjustly enrichment under the common law of the State of Texas. Defendant has operated its business under a mark confusingly similar to that of Plaintiff and has benefitted from the good will and reputation of Plaintiff's own mark "CLASSY ART."

**DEMAND FOR JURY TRIAL**

39.     Pursuant to Federal Rule of Civil Procedure 38, Classy Art hereby respectfully demands a trial by jury on all issues so triable to a jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Classy Art prays for the following relief:

A.      a judgment denying that Defendant is entitled to any relief against Plaintiff;

B.      a judgment in favor of Plaintiff on all claims;

C.      a declaratory judgment that Plaintiff's use of the trademark "CLASSY ART" does not constitute federal trademark infringement, federal false designation of origin or source, federal unfair competition or false advertising, or federal

trademark infringement – reverse confusion under 15 § 1051 *et seq.* with respect to any of Plaintiff's rights to and use of the mark "CLASSY ART";

D.    a judgment that U.S. Trademark Registration No. 4,987,457 was improperly granted and injures Plaintiff, and judgment that the registration be cancelled;

E.    a judgment declaring that Classy Art has the right to continue to use the "CLASSY ART" mark based upon Classy Art's prior use in commerce of the mark;

F.    a judgment that Defendant violated Section 43(a) of the Lanham Act;

G.    a judgment that Defendant engaged in unfair competition in violation of Texas law;

H.    a judgment that Defendant engaged in trademark infringement under Texas common law;

I.    a judgment that Defendant's acts constitute unjust enrichment in violation of Texas law;

J.    pursuant to 15 U.S.C. § 1116 or relevant Texas law, Defendant and its officers, agents, servants, distributors, affiliates, employees, associates, representatives and all those in privity or acting in concert with them be permanently enjoined and restrained from, directly or indirectly, using the purported mark "CLASSY CRAFTS" or any other mark that is confusingly similar to Classy Art's "CLASSY ART" mark or falsely designating the origin, sponsorship, or affiliation of Classy Art's goods and/or services as those of Defendant;

K.    an award of damages suffered by Classy Art trebled due to the exceptional nature of the case, including an award of all gains, advantages and profits that

9

Defendant has derived while using the infringing mark, as well as costs, pre-judgment interest, and attorneys' fees to the full extent provided by 15 U.S.C. § 1117; and awarding profits, damages, and fees to the full extent available, pursuant to the laws of the State of Texas;

L.    Defendant be required to deliver up for destruction all products bearing the purported mark "CLASSY CRAFTS," including any domain name containing the terms "classycrafts", pursuant to 15 U.S.C. § 1118, or any other applicable Texas law;

M.    Defendant be required to pay for the costs of corrective advertising;

N.    an order awarding attorney's fees, costs, and expenses incurred in connection with this action to Plaintiff; and

O.    an award of such other and further relief as the Court shall deem just and proper.

Dated:        June 15, 2017.              Respectfully submitted,

                                          By:____/s/ Justen S. Barks_____
                                          Justen S. Barks
                                          State Bar No. 24087142/Adm. #: 2295553
                                          Yocel Alonso
                                          State Bar No. 01109100/Adm. #: 3325
                                          130 Industrial Blvd., Suite 110
                                          P.O. Box 45
                                          Sugar Land, Texas 77487-0045
                                          Telephone:  (281) 240-1492
                                          Email:  law@jstnbrks.com
                                          **ATTORNEYS FOR PLAINTIFF**
                                          **CLASSY ART, LLC**